UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHLEEN R.,

                         Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                       Defendant.
_____

|  |  |
|---|---|
| | **DECISION**<br>**and**<br>**ORDER** |
| | **19-CV-6346F**<br>(**consent**) |

APPEARANCES:       LAW OFFICES OF KENNETH R. HILLER, PLLC
                       Attorneys for Plaintiff
                       KENNETH R. HILLER, and
                       JUSTIN M. GOLDSTEIN, of Counsel
                       6000 North Bailey Avenue, Suite 1A
                       Amherst, New York  14226

                       JAMES P. KENNEDY, JR.
                       UNITED STATES ATTORNEY
                       Attorney for Defendant
                       Federal Centre
                       138 Delaware Avenue
                       Buffalo, New York  14202
                              and
                       KATHRYN L. SMITH
                       Assistant United States Attorney
                       United States Attorney's Office
                       100 State Street
                       Rochester, New York  14614
                              and
                       FRANCIS D. TANKARD, and
                       SCOTT C. KELLER
                       Special Assistant United States Attorneys, of Counsel
                       Social Security Administration
                       Office of General Counsel
                       601 East 12th Street, Room 965
                       Kansas City, Missouri  64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 20).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 12, 2020 (Dkt. 14), and by Defendant on May 12, 2020 (Dkt. 18).

## BACKGROUND

Plaintiff Kathleen R. ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on December 11, 2015, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges she became disabled on January 31, 2009, based on depression, methicillin-resistant Staphylococcus aureus ("MRSA"), chronic obstructive pulmonary disease ("COPD"), osteoarthritis, sciatic nerve pain, degenerative joint disease, chronic fatigue syndrome, suicide attempts, bipolar II disorder, and personality disorder.  AR[2] at 95-96, 99, 177-82, 197, 201.  Plaintiff's application initially was denied on March 24, 2016, AR at 95-110, 112-18, and at Plaintiff's timely request, AR at 191-21, on February 15, 2018, a hearing was held via videoconference with before administrative law judge Patricia M. French ("the ALJ"), located in Lawrence, Massachusetts, and Plaintiff in Rochester, New York.  AR at 31-87 ("administrative hearing").  Appearing and testifying

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on September 6, 2019 in 18 parts  (Dkt. 9 through 9-17).

at the administrative hearing were Plaintiff, represented by Sara Walzer, a non-attorney, and vocational expert James L. Soldner ("the VE").

On May 22, 2018, the ALJ issued a decision denying Plaintiff's claims, AR at 7-30 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 171-76.  On March 11, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-6, rendering the ALJ's Decision the Commissioner's final decision.  On May 9, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On February 12, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 14) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of a Motion for Judgment on the Administrative Record (Dkt. 14-1) ("Plaintiff's Memorandum").  On May 12, 2020, Defendant moved for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching Commissioner's Response Brief Pursuant to Local Rule of Civil Procedure 5.5 for Social Security Cases (Dkt. 18-1) ("Defendant's Memorandum").  Filed on May 18, 2020, were Plaintiff's Reply Arguments (Dkt. 19) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

## FACTS[3]

Plaintiff Kathleen R. ("Plaintiff"), born June 30, 1964, was 44 years old as of her alleged disability onset date ("DOD") of January 31, 2009, AR at 197,and 53 years old as of May 22, 2018, the date of the ALJ's decision.  AR at 24.  Plaintiff lived with her

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

boyfriend in an apartment, AR at 39, and has three adult children, none of whom live with her.  AR at 39-40.  Plaintiff graduated high school where she attended regular classes, AR at 202, and attended college for almost two years but did not graduate and was one academic quarter short of obtaining an Associate's degree in accounting.  AR at 38-39.  Plaintiff's past relevant work ("PRW") includes work as a cashier, kitchen helper, sales clerk, and stock clerk.  AR at 203.

At the time of her disability benefits application, Plaintiff lived in an apartment with roommates who assisted Plaintiff with caring for her pet cats.  AR at 211-12. Plaintiff's daily activities included tending to her personal needs, cooking, sometimes with the assistance of a roommate, watching television, crocheting, grocery shopping, and attending Personalized Recovery Oriented Services ("PROS") (mental health program), to which Plaintiff traveled by cab because Plaintiff did not have a driver's license.  *Id.* at 211-15.  Plaintiff also engaged in cleaning that did not require bending, laundry, and yard work, and went outside daily.  *Id*. at 213-14.  Plaintiff asserts she is unable to work because her impairments cause Plaintiff problems getting along with others resulting in Plaintiff self-isolating and snapping at people, stress and anxiety causing panic attacks, as well as pain in her hip, back, knees and knuckles. *Id*. at 216-18.

It is undisputed that Plaintiff suffers from numerous physical ailments including, most notably, COPD and osteoarthritis of the hip, knees, and lumbar spine, mental health impairments including a bipolar depressive disorder, an anxiety disorder, history of polysubstance abuse, and several suicide attempts and ideation for which Plaintiff was hospitalized, and that Plaintiff has received both physical and mental health

treatment from numerous medical care providers during the period relevant to this action.  Plaintiff was psychiatrically hospitalized for suicide attempts in December 2014, October 2015, and September 2017, and for suicidal ideation in February 2015, April 2015, and March to April 2016.  AR at 394.  With regard to primary care, on July 15, 2016, Plaintiff commenced receiving primary physical medical care through Unity Family Medicine at St. Bernard's ("UFM") in Rochester, New York, where Plaintiff's treating physician was Sheryl Holley, M.D. ("Dr. Holley").  AR at 2087-2549.  With regard to her mental health, between December 18, 2014 and December 30, 2016, Plaintiff received outpatient mental health treatment at Genesee Mental Health Center PROS, AR at 297-302, 1250-1569.  Between February 16, 2015 and January 10, 2018, Plaintiff received outpatient mental health treatment at Rochester Mental Health Center ("RMHC").  AR at 2993-3112, 3541-3665.

In connection with her disability benefits application, numerous medical opinions and assessments of Plaintiff's impairments were completed by various medical personnel.  In particular, physical assessments were completed by Stacey Gombetto, PA ("PA Gombetto") of TWIG Medical Associates ("TWIG"), on July 29, 2017, AR at 413-21, and by Dr. Holley on July 29, 2017, AR at 2087-90, and September 5, 2017, AR at 2092-94.  Consultative physical examination was performed by Harbinder Toor, M.D. ("Dr. Toor"), on February 10, 2016, AR at 386-90, and consultative physical residual functional assessment was performed by non-examining State agency medical consultant J. Biddison, M.D. ("Dr. Biddison"), on January 25, 2018.  AR at 2091-94.

Mental health assessments were completed by Plaintiff's treating therapist, Cheryl Steele, LCSW ("LCSW Steele"), at PROS of GMHC on February 16, 2015, AR at

401-04, August 25, 2015, AR at 405-08, and June 28, 2016, AR at 1203-06, by Lindsay
Alvut, MHC-P ("Counselor Alvut"), of RMHC on March 7, 2017, AR at 1570-73, and by
Amanda Diaz, LMSW ("LMSW Diaz") with RMHC on August 30, 2017, AR at 2082-85.
Consultative psychiatric examination was performed by Kristin Luna, Psy.D. ("Dr.
Luna"), on March 14, 2016, AR at 394-99, and consultative mental residual functional
assessment was performed by non-examining State agency reviewer A. Chapman, Psy.
D. ("Dr. Chapman"), on March 22, 2016.  AR at 103-06.


## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability
benefits when she is unable "to engage in any substantial gainful activity by reason of
any medically determinable physical or mental impairment which . . . has lasted or can
be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§
416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's
determination that a claimant is not disabled if the factual findings are not supported by
substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),
1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In
reviewing a final decision of the SSA, a district court "is limited to determining whether
the SSA's conclusions were supported by substantial evidence in the record and were
based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.
2012) (internal quotation marks and citation omitted).  "Substantial evidence is more
than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*'" *Id.*, 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner

bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 11, 2015, the date of her disability benefits application, AR at 12, and suffers from the severe impairments of osteoarthritis of the hip, bilateral knees, and lumbar spine, gluteus minimus tendinopathy, chronic obstructive pulmonary disease, obstructive sleep apnea, insomnia, a bipolar depressive disorder, an anxiety disorder, and polysubstance abuse in recent remission, *id.*, but that Plaintiff's asserted history of gastrointestinal conditions including urinary incontinence, prolapsed bladder, and colonic diverticulosis, as well as hyperlipidemia and acid reflux are non-severe conditions, *id.* at 13, and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 13-15. Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with additional limitations of sitting for up to six hours in an eight-hour day, stand or walk for up to six hours in an eight-hour day, can never balance, can occasionally climb ramps or stairs, stoop, kneel, and crouch, and can never be exposed to concentrated pulmonary irritants including smoke, dust, fumes, gasses, or allergens, extremes of hot, cold, or humidity, unprotected heights, and hazards, can have frequent

but not constant interaction with co-workers and supervisors, can work independently with only occasional instruction, and would need to be allowed to be off-task upwards of ten percent each workday and absent one day of work per month.  AR at 15-22.  The ALJ also found Plaintiff, given her RFC, age, education and ability to communicate in English, with transferability of skills not relevant, is able to perform her PRW as a stock clerk, *id.* at 22-24, yet because the stock clerk position was too remote in time, further found Plaintiff could perform other work existing in the national economy including fruit distributor, marker II, and plastic hospital products assembler.  AR at 23-24.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 24.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred with regard  to the weight afforded the various medical opinions, including the opinions of treating physicians, Plaintiff's Memorandum at 15-19, and Plaintiff's RFC and consistency findings, as determined by the ALJ, are not supported by substantial evidence in the record.  *Id.* at 19-30.  In opposition, Defendant argues the ALJ properly evaluated the opinion evidence of record, Defendant's Memorandum at 16-28, the ALJ was not required to include additional limitations in formulating Plaintiff's RFC, *id.* at 28-29, nor to base Plaintiff's mental RFC on a medical opinion.  *Id.* at 29-30.  In reply, Plaintiff maintains the ALJ's reasons for rejecting multiple medical opinions are inconsistent with the applicable legal standards, Plaintiff's Reply at 1-9, and erred by relying on the opinions of non-examining sources over those of treating or examining sources.  *Id.* at

9-10.  A review of the administrative record establishes the matter must be REMANDED for further proceedings.

For claims filed before March 27, 2017, as in the instant case filed December 11, 2015, the ALJ is require to evaluate every medical opinion in the record from acceptable medical sources, 20 C.F.R. § 416.927(c), as well as opinions from sources who are not acceptable medical sources or are nonmedical sources, and it may be appropriate to give more weight to the latter opinions depending on the particular facts of the case.  20 C.F.R. § 416.927(f).  Also, because the case was filed prior to March 27, 2017, the ALJ was required to apply the treating physician rule whereby the opinion of a treating physician is afforded controlling weight provided it is well supported by and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927(c)(2).  Where, however, a treating source opinion is not given controlling weight, the ALJ must consider and explain his reasoning for the weight given in the context of several factors set forth in 20 C.F.R. § 416.927(c)(2)(i) and (h), as well as the factors listed in 20 C.F.R. § 416.927(c)(3) through (6).  These factors include

> (i) The frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citing 20 C.F.R. § 416.927(d)(2)).

"The regulations also specify that the Commissioner 'will always give good reasons in [the][5] notice of determination or decision for the weight [given a claimant's] treating source's medical opinion."  20 C.F.R. § 416.927(c)(2).  *See also Schaal v. Apfel*, 134

---

[5] Unless otherwise noted, bracketed material has been added.

F.3d 496, 503-04 (2d Cir. 1998) (stating the Commissioner must provide a claimant with "good reasons" for the lack of weight attributed to a treating physician's opinion).  "An ALJ is not required to 'slavishly' recite and discuss each factor contained in 20 C.F.R. § 404.1527(c), provided that 'the ALJ's reasoning and adherence to the regulation are clear.'"  *Goble v. Colvin*, 2016 WL 3179901, at *4 (W.D.N.Y. June 8, 2016) (quoting *Atwater v. Astrue*, 512 Fed.App. 67, 70 (2d Cir. 2013)).  With regard to the ALJ's consideration of the opinions of Plaintiff's treating sources in the instant case, including both medical and non-medical treatment providers, the ALJ erred in granting no weight to nine opinions rendered by four different treatment providers,[6] including Plaintiff's treating physician and treating mental health counselors, because the asserted reasons for rejecting the opinions, including that the opinions appear on "check box" forms, indicate disability for less than 12 months, and were rendered in connection with another agency's employability determination, AR at 22, are not the requisite "good reasons" for affording the opinions no weight.  *Schaal*, 134 F.3d at 503-04.

In particular, the ALJ, rather than separately considering the opinions, cumulatively addressed them in a single paragraph without identifying by name the treatment providers,[7] including Plaintiff's primary care and treating physician Dr. Holley, who provided two of the opinions, stating the opinions consist of check-the-box State employability forms provided for another agency whose determinations are not binding on the SSA.  AR at 22.  Significantly, on July 29, 2016, Dr. Holley completed a Monroe County Department of Human Services ("DHS") Physical Assessment for Determination

---

[6] Plaintiff incorrectly refers to six treatment providers.  Plaintiff's Memorandum at 15.
[7] Although the ALJ did not identify the treatment providers by name, the ALJ did reference the exhibit numbers of the administrative record corresponding to the relevant opinions, *see* AR at 22, allowing the court to identify the treatment providers.

of Employability ("employability form") ("July 29, 2016 assessment"), AR at 2087-90,

documenting that Plaintiff is permanently disabled, not expected to improve, and unable

to participated in any activities based on back pain, sciatica, mental health and

behavioral issues.  AR at 2087-88.  Examination of Plaintiff revealed abnormalities with

regard to gait, heel and toe walking, squat, musculoskeletal, extremities, and hands, *id.*

at 2089-90, seeing, hearing and speaking were unlimited, sitting was moderately limited

to two to four hours in an eight-hour work day, with walking, standing, pushing, pulling,

bending, lifting, and carrying very limited to one to two hours in an eight-hour work day.

*Id.* at 2090.  On September 5, 2017, Dr. Holley completed another DHS employability

form ("September 5, 2017 assessment"), AR at 2091-94, on which Dr. Holley indicated

Plaintiff was limited to working 20 to 24 hours per week for the next six to 12 months

because of bilateral hip and low back pain, AR at 2092, Plaintiff's ability to heel and toe

walk and to squat were abnormal, *id.* at 2093, and Plaintiff was moderately limited with

regard to seeing, hearing and speaking to two to four hours in an eight-hour work day,

with walking, standing, sitting, pushing, pulling, bending, lifting, and carrying very limited

to one to two hours in an eight-hour work day.  AR at 2094.  The ALJ's rejection of Dr.

Holley's opinions because they appear on "check-the-box" forms, indicate only a short-

term disability for less than 12 months, and were rendered in connection with another

agency, AR at 22, was error.

Specifically, Dr. Holley's July 29, 2017 assessment indicates Plaintiff's disability

condition was expected to be permanent, AR at 2088, and although the September 5,

2017 assessment indicates some improvement with fewer physical restrictions, Dr.

Holley's reporting that Plaintiff's disabling conditions were expected to continue for an

additional six months to one year would establish, at least, a period of disability if the assessments were given controlling weight.  Nor does the fact that the assessments appear on "check-the-box" forms support the ALJ's complete disregard of the assessments.  *See Goble*, 2016 WL 3179901, at * 5 (considering "check-the-box" questionnaires" to be a "proper format for a treating physician to express an opinion" and citing cases).  In fact, the ALJ afforded "great weight" to the opinion of SSA medical consultant J. Biddison, M.D. ("Dr. Biddison"), which is also presented on a "check-the-box" form.  AR at 20-21 (citing 3158-65).  Furthermore, that Dr. Holley rendered the assessments for the purpose of another agency's disability determination is not a legitimate basis for completely disregarding the assessment in connection with Plaintiff's disability benefits claim, particularly given the inclusion of function-by-function assessments.  *See Avrutskaya v. Comm'r of Soc. Sec.*, 2020 WL 1550252, at * 6 (E.D.N.Y. Mar. 31, 2020) (the fact the plaintiff's treating physician evaluated the plaintiff for purposes of a worker's compensation claim was not a legitimate basis for discounting the physician's opinion or negating the physician's status as the plaintiff's treating physician (citing *Mercado v. Colvin*, 2016 WL 3866587, at *15 (S.D.N.Y. July 13, 2016))).  Accordingly, the ALJ erred by failing to separately consider the July 29, 2016 and September 5, 2017 assessments of Dr. Holley, Plaintiff's treating physician.  *See Cory S. v. Comm'r of Soc. Sec.*, 2021 WL 508082, at * 6 (W.D.N.Y. Feb. 11, 2021) (holding the ALJ committed error by failing to consider the opinion of the plaintiff's treating physician separately from other opinions in the administrative record).  Significantly, as Plaintiff maintains, Plaintiff's Memorandum at 16, had Dr. Holley's opinions been given controlling weight, Plaintiff would have been limited to less that

sedentary work and found disabled.  The matter thus must be REMANDED to permit

the ALJ to properly consider Dr. Holley's assessments.

The remaining opinions disregarded by the ALJ pertain to Plaintiff's mental health

treatment and include opinions by LCSW Steele, AR at 401-08, 1203-06, and single

opinions by Counselor Alvut, AR at 1570-73, and LMSW Diaz, AR at 2082-85, all

presented on the same DHS employability form on which Dr. Holley's opinions appear.

LMSW Steele, who commenced treating Plaintiff on January 8, 2015, rendered opinions

on February 16, 2015, August 25, 2015, and June 28, 2016, that Plaintiff is permanently

disabled based on her health issues including bipolar disorder, personality disorder,

COPD, hip problems, acid reflux, medical illness and needed to attend PROS mental

health treatment program for several hours a day, five days a week.  AR at 401-08,

1203-06.  Each of LMSW Steele's assessments document Plaintiff's hospitalizations for

suicide attempts and suicidal ideation, as well as that Plaintiff was moderately or very

limited with regard to mental functions including the capacity to follow, understand and

remember simple instructions and directions, independently perform simple and

complex tasks, maintain attention and concentration for rote tasks, regularly attend to a

routine and maintain a schedule, maintain basis standards of hygiene and grooming,

and perform low stress and simple tasks.  *Id.*  On March 7, 2017, Counselor Alvut

reported recently commencing treatment of Plaintiff on February 21, 2017, for bipolar

affective disorder and mood disorder, noting Plaintiff had, since 2012, several

psychiatric hospitalizations and attended PROS mental health counseling.  AR at 1570-

72.  Counselor Alvut assessed Plaintiff as moderately limited in demonstrating the

capacity to follow, understand and remember simple instructions and directions,

independently perform simple and complex tasks, and maintain basic standards of hygiene and grooming.  AR at 1572.  On August 30, 2017, LMSW Diaz reported commencing treatment of Plaintiff on February 21, 2017, the same date Counselor Alvut commenced treating Plaintiff, for bipolar disorder, mood disorder, post traumatic stress disorder, extreme anxiety and panic, and severe depression, noting Plaintiff's history included psychiatric hospitalizations, and attending an outpatient mental health program.  AR at 2082-83.  LMSW Diaz assessed Plaintiff as moderately limited in demonstrating the capacity to follow, understand and remember simple instructions and directions, maintain attention and concentration for rote tasks, and regularly attend to a routine and maintain a schedule, and very limited in her capacity to independently perform simple and complex tasks, and perform low stress and simple tasks.  AR at 2084.  LMSW Steele, Counselor Alvut, and LMSW Diaz each found Plaintiff without the ability to use public transportation.  AR at 403, 407, 1205, 1572, and 2084.

As with Dr. Holley, the ALJ's rejection of these assessments as made in connection with a disability determination for another agency, on "check-the-box" forms, and sometimes indicated Plaintiff is disabled by her impairments for less than 12 months are not good reasons for affording the opinions no weight.  Discussion, *supra*, at 13-15.  It is significant that LMSW Steele, whose treatment of Plaintiff commenced January 8, 2015, and continued through June 28, 2016, initially considered Plaintiff to be permanently disabled as of February 16, 2015, AR at 404, later indicated on August 25, 2015 Plaintiff would be disabled for a year, AR at 407, and on June 28, 2016, opined Plaintiff would be disabled for an additional six months.  AR at 1205.  In assessing Plaintiff on March 7, 2017, Counselor Alvut opined Plaintiff would be disabled

by her impairments for six months, AR at 1572, and LMSW Diaz's August 30, 2017 assessment included that Plaintiff was expected to be unable to work for one year.  AR at 2084.  Accordingly, these three mental health counselors, cumulatively, opined Plaintiff would be unable to work from February 16, 2015 through at least August 30, 2018, a period of three and one half years, with no treating mental health professional expressing otherwise during that same period.

Insofar as the ALJ rejected the opinions because they were not rendered by acceptable medical sources,[8] the opinions of licensed social workers are considered "evidence from a nonmedical source" which may be received into a claimant's administrative record.  20 C.F.R. § 416.913(a)(4).  Relevantly, 20 C.F.R. § 416.927(f) requires opinions from medical sources who are not acceptable medical sources and from nonmedical sources to be considered according to the same factors as applicable to opinions from acceptable medical sources, and further provides that depending on the circumstances, the opinion from a nonacceptable medical source as well as from a nonmedical source "may outweigh the opinion of an acceptable medical source, including the medical opinion of a treating source. . . ."  20 C.F.R. § 416.927(f)(1).  As such, "[t]he adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinion may have an effect on the outcome of the case."  20 C.F.R. § 416.927(f)(2).  Because the ALJ's cumulative treatment of the opinions from these

---

[8] As relevant to Plaintiff's case, "acceptable medical sources include (1) licensed physician (medical or osteopathic doctor), and (2) licensed psychologist, including licensed or certified psychologist at the independent practice level.  20 C.F.R. § 416.902(a)(1) and (2)(i).  "Nonmedical sources" include "public and private social welfare agency personnel."  20 C.F.R. § 416.902(j)(3).

nonmedical sources, all of which are within the scope of 20 C.F.R. § 416.902(j)(3),

prevents the court from reviewing the ALJ's consideration of them, the matter must be

REMANDED to permit the ALJ to properly consider the opinions of LMSW Steele,

Counselor Alvut, and LMSW Diaz.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 14) is GRANTED; Defendant's

Motion (Dkt. 18) is DENIED; the matter is REMANDED for further proceedings

consistent with this Decision and Order.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        February 22nd, 2021
             Buffalo, New York